# 24-1029

## United States Court of Appeals for the Second Circuit

---

VINCENT DIBENEDETTO,

*Plaintiff-Appellant,*

v.

MAURICE COLEY, BADGE #4013,

*Defendant-Appellee,*

NEW YORK STATE POLICE,

*Defendant.*

---

On Appeal from the United States District Court
for the Southern District of New York

---

### BRIEF FOR APPELLEE

---

BARBARA D. UNDERWOOD
 *Solicitor General*
MARK S. GRUBE
 *Senior Assistant Solicitor General*
 *of Counsel*
JI YOUNG RYU
 *Law Intern*

LETITIA JAMES
 *Attorney General*
 *State of New York*
Attorney for Appellee
28 Liberty Street
New York, New York 10005
(212) 416-8028

Dated: July 9, 2024

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................iii

PRELIMINARY STATEMENT ......................................................1

ISSUES PRESENTED ....................................................................2

STATEMENT OF THE CASE .......................................................3

    A.   The Allegations in Plaintiff's Amended Complaint .................3

    B.   Procedural History ...................................................................5

STANDARD OF REVIEW .............................................................7

SUMMARY OF ARGUMENT ........................................................8

ARGUMENT ...................................................................................9

POINT I

   PLAINTIFF'S CLAIMS ARE TIME-BARRED .................................................9

POINT II

   PLAINTIFF'S CLAIMS FAIL ON THE MERITS ...........................................13

    A.   Plaintiff Fails to State a Claim Arising from the Traffic Stop........................................................................................13

    B.   Plaintiff Fails to State a Claim Arising from the Traffic Court Conviction. .................................................................15

**Page**

POINT III

    PLAINTIFF'S CLAIM ARISING FROM THE TRAFFIC COURT
    CONVICTION IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE ........... 17

CONCLUSION ....................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Abbas v. Dixon*,
   480 F.3d 636 (2d Cir. 2007) ................................................................ 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................ 7

*Caperton v. A.T. Massey Coal Co.*,
   556 U.S. 868 (2009) ........................................................................... 16

*Clark v. Hanley*,
   89 F.4th 78 (2d Cir. 2023) ............................................................. 11-12

*Connolly v. McCall*,
   254 F.3d 36 (2d Cir. 2001) ............................................................. 9-10

*Davidson v. Garry*,
   956 F. Supp. 265 (E.D.N.Y. 1996) ............................................... 18-19

*Day v. Morgenthau*,
   909 F.2d 75 (2d Cir. 1990) ................................................................. 9

*Green v. Bauvi*,
   46 F.3d 189 (2d Cir. 1995) ........................................................... 15-16

*Heien v. North Carolina*,
   574 U.S. 54 (2014) ............................................................................ 14

*Hines v. United States*,
   No. 17-cr-364-2, 2021 WL 2456679 (S.D.N.Y. June 16, 2021) ........... 12

*Hoblock v. Albany Cnty. Bd. of Elections*,
   422 F.3d 77 (2d Cir. 2005) ............................................................... 19

*Jusino v. Federation of Cath. Tchrs., Inc.*,
   54 F.4th 95 (2d Cir. 2022) ................................................................. 7

*Kane v. Mount Pleasant Cent. Sch. Dist.*,
   80 F.4th 101 (2d Cir. 2023) ............................................................... 9

**Cases**                                                 **Page(s)**

*McKithen v. Brown,*
   481 F.3d 89 (2d Cir. 2007) ................................................................ 18

*Olson v. Major League Baseball,*
   29 F.4th 59 (2d Cir. 2022) ................................................................... 3

*Phifer v. City of New York,*
   289 F.3d 49 (2d Cir. 2002) ................................................................ 17

*Ristow v. Dick,*
   No. 14-cv-4732, 2015 WL 4636614 (D. Minn. Aug. 4, 2015) ............. 14

*Schneckloth v. Bustamonte,*
   412 U.S. 218 (1973) ........................................................................... 14

*Singleton v. City of New York,*
   632 F.2d 185 (2d Cir. 1980) ................................................................ 9

*Smith v. Hogan,*
   794 F.3d 249 (2d Cir. 2015) ................................................................ 7

*Triestman v. Federal Bureau of Prisons,*
   470 F.3d 471 (2d Cir. 2006) ................................................................ 7

*United States v. Barrett,*
   750 F. App'x 19 (2d Cir. 2018) .......................................................... 15

*United States v. Stewart,*
   551 F.3d 187 (2d Cir. 2009) .............................................................. 13

*Vossbrinck v. Accredited Home Lenders, Inc.,*
   773 F.3d 423 (2d Cir. 2014) .............................................................. 17

*Warren v. Garvin,*
   219 F.3d 111 (2d Cir. 2000) .............................................................. 11

*Whren v. United States,*
   517 U.S. 806 (1996) ........................................................................... 13

iv

**Constitution**                                            **Page**

U.S. Const.
    amend. IV ................................................................ 13
    amend. XIV ............................................................. 15

# PRELIMINARY STATEMENT

In July 2022, plaintiff-appellant pro se Vincent DiBenedetto filed this action pursuant to 42 U.S.C. § 1983. He alleges that New York State Trooper Maurice Coley violated his rights under the Fourth and Fourteenth Amendments. In August 2018, according to DiBenedetto, Trooper Coley improperly initiated a traffic stop, searched his cellphone, and issued a traffic ticket. DiBenedetto further alleges that his conviction for the traffic violation in March 2019 resulted from judicial bias. The U.S. District Court for the Southern District of New York (Halpern, J.) dismissed DiBenedetto's claims as time-barred.

This Court should affirm. DiBenedetto's complaint (filed in July 2022) alleges events (through March 2019) that fall outside the three-year statute of limitations that applies to § 1983 claims in New York. The district court afforded DiBenedetto an opportunity to amend his complaint, but he failed to plead a plausible basis for tolling.

In any event, DiBenedetto fails to state a claim on the merits. DiBenedetto's claim arising from the traffic stop fails because Trooper Coley had reasonable suspicion to initiate the traffic stop and DiBenedetto admits that he consented to the search of his cellphone. DiBenedetto's

claim arising from the traffic court hearing and conviction also fails because DiBenedetto does not plausibly allege that Trooper Coley was personally responsible for any alleged judicial bias.

Finally, DiBenedetto's claim arising from the traffic court hearing and conviction also fails for the independent reason that it is a collateral attack on a state court judgment in violation of the *Rooker-Feldman* doctrine.

## ISSUES PRESENTED

1. Whether the district court correctly determined that DiBenedetto's claims are time-barred.

2. Whether DiBenedetto's claims fail on the merits.

3. Whether the *Rooker-Feldman* doctrine bars DiBenedetto's claim challenging the propriety of a state traffic court judgment.

## STATEMENT OF THE CASE

**A.    The Allegations in Plaintiff's Amended Complaint[1]**

On August 15, 2018, Vincent DiBenedetto was driving with a cup of coffee in his hand, when he was stopped by State Trooper Maurice Coley. (Am. Compl. at 5 (Oct. 26, 2022), ECF No. 5.) As DiBenedetto pulled over, he placed his cup of coffee into the cup holder. Trooper Coley approached DiBenedetto's car and explained that he stopped DiBenedetto because he observed him holding a cellphone while driving. DiBenedetto responded that he had been holding a cup of coffee and that it was his daughter in the backseat who had held a cellphone. Trooper Coley asked to see DiBenedetto's cellphone. DiBenedetto complied, and Trooper Coley searched the cellphone after DiBenedetto unlocked the device. (*Id.*) After checking DiBenedetto's license and registration, Trooper Coley issued DiBenedetto a ticket. (*Id.* at 6.)

---

[1] The facts underlying DiBenedetto's claims are drawn from his amended complaint and are presumed true for the purpose of this appeal. *See Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). All ECF citations refer to the district court docket and filing date of the document.

3

On March 4, 2019,[2] DiBenedetto appeared in traffic court to contest his traffic ticket. (Letter from V. DiBenedetto to Court at 1 (Jan. 12, 2024), ECF No. 40.) During the hearing, DiBenedetto introduced his "Verizon cellular bill, original cup of coffee, [and] drivers abstract" in his defense. (Am. Compl. at 6.) DiBenedetto complains that the judge did not allow him to pursue certain lines of questioning in his cross-examination of Trooper Coley. The events at the hearing caused DiBenedetto to suspect that "something was going on." (*Id.*) When he got home after the hearing, he purportedly learned that the prosecutor, judge, and Trooper Coley were friends on social media. (*Id.*)

DiBenedetto then spent years unsuccessfully trying to appeal his traffic ticket conviction through state courts. (*Id.* at 8.) After the traffic court hearing, DiBenedetto asked the traffic court how to file his appeal and he was told to ask the Putnam County Court House. DiBenedetto claims the clerk there told him to "go online" and research how to start an appeal. (*Id.*) Based on his research, DiBenedetto contacted "the Brooklyn

---

[2] DiBenedetto previously alleged that the hearing was in April 2019 (*see* Am. Compl. at 6; Compl. at 7 (July 11, 2022), ECF No. 1) before correcting the date. The difference in dates is not material for purposes of this appeal.

court," where a clerk advised him to "get an Affidavit of Errors and a copy of the Court Transcript," which DiBenedetto eventually acquired and mailed to the court around late May 2019. (*Id.*) In the interim, the COVID-19 pandemic hit, resulting in court closures. In December 2021, "the Brooklyn court" notified DiBenedetto that his appeal was denied due to lack of jurisdiction. After contacting "the Brooklyn court," he was told to seek relief from the New York Court of Appeals. DiBenedetto did so, and his application was once again denied. (*Id.*)

## B.    Procedural History

In July 2022, DiBenedetto filed this action against Trooper Coley and the New York State Police in the U.S. District Court for the Southern District of New York. In his initial complaint, DiBenedetto alleged violations of his Fourth and Fourteenth Amendment rights arising from the traffic stop and the traffic court conviction. (Compl. at 1-2, 6-7 (July 11, 2022), ECF No. 1.)

In September 2022, the U.S. District Court for the Southern District of New York (Swain, C.J.) dismissed DiBenedetto's initial complaint sua sponte. The court concluded that his claims against the New York State Police were barred by the Eleventh Amendment. (Order to Amend at 3

5

(Sept. 2, 2022), ECF No. 4.) The court also dismissed the claims against Trooper Coley as time-barred. (*Id.* at 3-5.) Finally, the court granted DiBenedetto leave to amend his complaint to address the timeliness issue. (*Id.* at 5-6.) DiBenedetto filed an amended complaint in October 2022.

In March 2024, U.S. District Court for the Southern District of New York (Halpern, J.) granted defendant's motion to dismiss the amended complaint. (Appendix (A.) 18.) As a threshold matter, the district court concluded that the *Rooker-Feldman* doctrine did not bar DiBenedetto's claims because DiBenedetto had not alleged that the state court judgment itself violated his constitutional rights nor had he asked the court to review or reject the state court judgment. (A. 15-16.)

The court nonetheless concluded that DiBenedetto's claims failed because DiBenedetto did not allege facts showing that his claims fell within the statute of limitations period or that there existed a basis for tolling the limitations period. (A. 16-17.) Specifically, the court found that DiBenedetto's mistaken belief that state remedies must be exhausted before commencing a § 1983 action did not justify equitable tolling. (A. 17.)

The court then entered judgment in favor of Trooper Coley (A. 19), and this appeal followed (*see* Notice of Appeal (Apr. 18, 2024), ECF No. 45).

## STANDARD OF REVIEW

This Court reviews de novo a district court's dismissal of a complaint for failure to state a claim or for lack of subject matter jurisdiction. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). To avoid dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Although this Court construes pro se pleadings liberally, the Court will not read into such pleadings claims that are inconsistent with the plaintiff's allegations. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam). This Court may "affirm on any ground with support in the record, including grounds upon which the district court did not rely." *Jusino v. Federation of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022) (quotation marks and citations omitted).

## SUMMARY OF ARGUMENT

The district court correctly dismissed the complaint because DiBenedetto's claims are time-barred. The statute of limitations for claims under § 1983 is three years. DiBenedetto's claim arising from the traffic stop initiated by Trooper Coley accrued on August 15, 2018. And his claim arising from the traffic court hearing and judgment accrued on March 4, 2019. The limitations period for the claims thus expired on August 15, 2021, and March 4, 2022, respectively. Yet DiBenedetto filed his complaint on July 11, 2022, well after the statute of limitations had already run for both claims. Further, DiBenedetto failed to plausibly allege a basis for tolling the statute of limitations.

In any event, his claims separately fail because he does not allege a cognizable constitutional violation by Trooper Coley. Trooper Coley did not violate DiBenedetto's Fourth Amendment rights since (1) Trooper Coley had reasonable suspicion to initiate a stop of DiBenedetto's vehicle, and (2) DiBenedetto consented to the search of his cellphone. Trooper Coley also did not violate DiBenedetto's procedural due process rights under the Fourteenth Amendment because Trooper Coley was not personally involved in the alleged violations at the traffic court hearing.

Finally, DiBenedetto's claim arising from the traffic court judgment is separately barred by the *Rooker-Feldman* doctrine because DiBenedetto improperly seeks to collaterally attack an unfavorable state court judgment through this action.

## ARGUMENT

### POINT I

#### PLAINTIFF'S CLAIMS ARE TIME-BARRED

In New York, the statute of limitations for claims under 42 U.S.C. § 1983 is three years. *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023) (citing N.Y. C.P.L.R. 214(5)). Section 1983 claims accrue when "the plaintiff knows or has reason to know of the injury which is the basis of his action."[3] *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (quotation marks omitted).

Here, DiBenedetto's claim arising from the traffic stop and Trooper Coley's search of his cellphone accrued on August 15, 2018, the day of the traffic stop. *See, e.g.*, *Day v. Morgenthau*, 909 F.2d 75, 79 (2d Cir. 1990).

---

[3] Although state law governs the limitations period, federal law determines when those claims accrue. *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (per curiam).

Therefore, the statute of limitations expired three years later, on August 15, 2021. Because DiBenedetto filed this action on July 11, 2022, nearly a year after the statute of limitations had already expired, his claim arising from the traffic stop is time-barred.

DiBenedetto's claim arising from the traffic court hearing and conviction is time-barred as well. That claim accrued on March 4, 2019, the date of the traffic court hearing. (Letter at 1, ECF No. 40.) On that day, DiBenedetto knew or had reason to know of the harm he alleges— i.e., a biased hearing. *See Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (per curiam). In fact, DiBenedetto alleges he *actually* became aware of the harm giving rise to his claim on the date of the hearing. DiBenedetto alleges that he suspected that "[s]ome bias was happening" during the hearing and that he confirmed his suspicions that same day by searching the social media accounts of the judge, the prosecutor, and Trooper Coley. (Am. Compl. at 6.) His claim arising from the traffic court hearing and conviction thus accrued on March 4, 2019, and became untimely on March 4, 2022, about four months before he commenced this action.

Moreover, the district court correctly concluded that no basis for tolling exists here. (*See* A. 17.) The doctrine of equitable tolling permits

10

courts to "extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). The doctrine applies in only "rare and exceptional circumstances" where it is necessary to prevent unfairness to a litigant who is not at fault for a late filing. *Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023) (quotation marks omitted). To establish equitable tolling, a litigant must show "(1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way." *Id.* (quotation and alteration marks omitted).

First, DiBenedetto's claim (*see* Am. Compl. at 8) that this action's limitations period should have been tolled while he appealed his conviction for the traffic violation is unavailing. As the district court correctly held (A. 17), the pursuit of a state remedy does not toll the statute of limitations for filing a claim under § 1983, *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).

Second, the COVID-19 pandemic (*see* Am. Compl. at 8) was not an extraordinary circumstance that prevented DiBenedetto from filing this action on time. For his claim arising from the traffic stop, he had more than a year and a half (from August 2018 until March 2020) to file this action before COVID-19 restrictions went into place. Similarly, for his

11

claim arising from the traffic court hearing, he had a year (from March 2019 until March 2020) to file this action. DiBenedetto thus fails establish that, with reasonable diligence, he could not have filed both his claims before the start of the COVID-19 pandemic. *See Hines v. United States*, No. 17-cr-364-2, 2021 WL 2456679, at *3 (S.D.N.Y. June 16, 2021). Nor did DiBenedetto diligently pursue his federal claims after the pandemic began. *See Clark*, 89 F.4th at 92. He does not identify *any* attempt to pursue his constitutional claims until he first contacted the U.S. District Court for the Southern District of New York in June 2022 (*see* Am. Compl. at 8), long after COVID-19 restrictions had been lifted and the limitations period had already expired on both of his claims.

Accordingly, the district court correctly held that DiBenedetto's claims are time-barred.

## POINT II

### PLAINTIFF'S CLAIMS FAIL ON THE MERITS

Even if this Court determines that DiBenedetto's claims are timely—and they are not—DiBenedetto fails to state a claim on the merits. DiBenedetto fails to state a Fourth Amendment claim because the traffic stop and the search of his cellphone were constitutionally permissible. And he fails to allege a Fourteenth Amendment violation arising from the traffic court hearing because Trooper Coley was not personally involved in the alleged violation.

### A.    Plaintiff Fails to State a Claim Arising from the Traffic Stop.

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. A temporary detention of individuals during a traffic stop may constitute a "seizure" within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). A traffic stop is constitutionally permissible if it is the result of a police officer's reasonable suspicion that a driver committed a traffic violation. *United States v. Stewart*, 551 F.3d 187, 193 (2d Cir. 2009). Even if an officer acts on a mistaken belief that a driver committed a traffic

violation, the question is simply whether that mistake is "objectively reasonable." *Heien v. North Carolina*, 574 U.S. 54, 66 (2014) (italics omitted).

Here, the traffic stop is constitutionally permissible because Trooper Coley acted on a reasonable suspicion that DiBenedetto was using a handheld cellphone while driving on a public highway in violation of N.Y. Vehicle and Traffic Law § 1225-c(2)(a). As DiBenedetto concedes, he was holding an object in his hand while driving. (Am. Compl. at 5.) It was objectively reasonable for Trooper Coley to have thought that DiBenedetto was using a cellphone while driving, given that Trooper Coley only had a brief moment to observe DiBenedetto before initiating the stop and DiBenedetto was indisputably holding an object other than his vehicle's steering wheel. *See Ristow v. Dick*, No. 14-cv-4732, 2015 WL 4636614, at *1-2 (D. Minn. Aug. 4, 2015) (determining that an officer's suspicion that plaintiff committed a traffic violation "by looking down at something in his vehicle" was reasonable).

Trooper Coley's alleged search of DiBenedetto's cellphone was also constitutionally permissible. A search is "wholly valid" if authorized by voluntary consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).

DiBenedetto concedes that he handed over his cellphone to Trooper Coley and that he unlocked the device "to show to my daughter what and how you should react when dealing with" law enforcement. (Am. Compl. at 5.) DiBenedetto does not plead any facts that plausibly differentiate the facts here from an ordinary traffic stop. Thus, under the circumstances present here and in light of DiBenedetto's concessions (see *supra* at 3-5), DiBenedetto's consent plainly authorized Trooper Coley's search of the cellphone. *See, e.g.*, *United States v. Barrett*, 750 F. App'x 19, 21-22 (2d Cir. 2018).

Accordingly, DiBenedetto's Fourth Amendment unlawful search and seizure claim against Trooper Coley is wholly meritless.

## B. Plaintiff Fails to State a Claim Arising from the Traffic Court Conviction.

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. An essential element of a procedural due process claim is a showing that the defendant was personally involved in the deprivation of a liberty or property interest. *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). And as relevant here, "a fair trial in a fair tribunal

is a basic requirement of due process." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (quotation and alteration marks omitted).

DiBenedetto does not plausibly plead a cognizable Fourteenth Amendment claim against Trooper Coley arising from the traffic court hearing and conviction. Reading DiBenedetto's allegations charitably, he appears to claim that he was denied the right to an impartial adjudicator. (Am. Compl. at 6.) But DiBenedetto does not plausibly allege that Trooper Coley had any personal involvement in the traffic court judge's alleged biased decisionmaking. *See Green*, 46 F.3d at 194. And to the extent that DiBenedetto alleges other procedural or evidentiary deficiencies in connection with the traffic court hearing, Trooper Coley likewise bears no responsibility because he did not control the proceeding. In any event, DiBenedetto's claim fails for the additional reason that his threadbare allegations of bias fall short of showing that "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable," *Caperton*, 556 U.S. at 877 (quotation marks omitted).

Accordingly, DiBenedetto's procedural due process claim is meritless.

## POINT III

### PLAINTIFF'S CLAIM ARISING FROM THE TRAFFIC COURT CONVICTION IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (per curiam) (quotation marks omitted). That is because "the jurisdiction of the district courts is strictly original and no federal court, other than the Supreme Court, can consider a claim to reverse or modify a state court judgment." *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002). The *Rooker-Feldman* doctrine applies and bars a claim if: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vossbrinck*, 773 F.3d at 426 (quotation and alteration marks omitted).

Here, while the district court correctly concluded that the *Rooker-Feldman* doctrine did not apply to DiBenedetto's claim arising from the traffic stop (A. 15-16), the doctrine does bar his claim arising from the

17

traffic court conviction. All four elements of the *Rooker-Feldman* doctrine are satisfied with respect to that claim.

First, DiBenedetto lost in the traffic court as he was convicted of the traffic violation. (Am. Compl. at 6.)

Second, DiBenedetto complains of injuries caused by a state court judgment. When determining what constitutes a state-judgment-caused injury, courts look to the causal relationship between the state court judgment and the injury the plaintiff complains of in the federal action. *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007). Where, as here, a plaintiff asserts an injury from an adverse state court judgment issued by an allegedly biased judge, the case falls squarely within the boundaries of the *Rooker-Feldman* doctrine. *See, e.g.*, *Davidson v. Garry*, 956 F. Supp. 265, 269 (E.D.N.Y. 1996), *aff'd on op. below*, 112 F.3d 503 (2d Cir. 1997).

Third, DiBenedetto invites this Court to review and reject the traffic court's conviction of his traffic violation. Most tellingly, DiBenedetto explains that he initiated this federal action *because* his various efforts to appeal his traffic ticket conviction in state courts had failed. (Am. Compl. at 8-9.) In so doing, DiBenedetto essentially admits that this federal action is just another attempt to get his traffic ticket conviction

18

overturned. Yet "the *Rooker–Feldman* doctrine bars [such a] collateral attack on a state court judgment which attempts to cloak the attack as a § 1983 action in federal court." *Davidson*, 956 F. Supp. at 269; *see also Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005) ("[A] federal suit is not free from *Rooker-Feldman*'s bar simply because the suit proceeds on legal theories not addressed in state court."). Thus, DiBenedetto cannot circumvent the *Rooker-Feldman* doctrine and invite the court to review and reject the state court judgment by recasting his claims as constitutional violations.

Fourth, this action was commenced in July 2022, more than three years after the traffic court judgment was rendered in March 2019.

Accordingly, all four factors are satisfied and the *Rooker-Feldman* doctrine separately and independently bars DiBenedetto's procedural due process claim arising from the traffic court hearing and conviction.

## CONCLUSION

For the foregoing reasons, this Court should affirm the March 21, 2024, judgment.

Dated: New York, New York
       July 9, 2024

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellee

By:   */s/ Mark S. Grube*
    MARK S. GRUBE
    Senior Assistant Solicitor General

BARBARA D. UNDERWOOD
  *Solicitor General*
MARK S. GRUBE
  *Senior Assistant Solicitor General*
    *of Counsel*
JI YOUNG RYU
  *Law Intern*

28 Liberty Street
New York, NY 10005
(212) 416-8028

20

## CERTIFICATE OF SERVICE

I hereby certify that, on July 9, 2024, I served or caused to be served two copies of the accompanying brief by United States Postal Service first class/priority mail upon the following named person(s):

Vincent DiBenedetto
19 Ludington Ct.
Carmel, NY 10512


 /s/  *Mark S. Grube*